ORIGINAL

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

FILED
JAN 2 8 2004
U.S. COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **EXELON GENERATION COMPANY, LLC** and **AMERGEN ENERGY COMPANY, LLC** Plaintiffs, | ) | 04-0104C No. 04- |
| v. | ) | |
| **UNITED STATES OF AMERICA,** Defendant. | ) | |

**RULE 40.2 NOTICE AND DISCLOSURE**

**Rule 40.2(a) Notice Of Directly-Related Case**

Plaintiffs Exelon Generation Company, LLC ("Exelon Generation") and AmerGen Energy Company, LLC ("AmerGen"), through their undersigned counsel, hereby give notice under Rule 40.2(a) of the Rules of the United States Court of Federal Claims that this case is directly related to the action *Commonwealth Edison Company v. United States*, No. 98-621C (Fed. Cl.) (the "*ComEd* Case"), pending before Judge Emily C. Hewitt. As described further below, this case involves the same parties, *i.e.*, a plaintiff that is also the owner of the contract at issue in the *ComEd* Case, and this case is based on claims very similar to those in the *ComEd* Case. Plaintiffs therefore respectfully believe that this case satisfies the criteria in Rule 40.2(a). As a further explanation, Plaintiffs state:

In 1998, ComEd filed an action against the United States arising out of ComEd's rights under ComEd's contract with the United States regarding the disposal of

spent nuclear fuel at six ComEd nuclear generating stations. ComEd's contract is based on the Standard Contract for Disposal of Spent Nuclear Fuel and/or High-Level Radioactive Waste ("Standard Contract"), 10 C.F.R. § 961.11. The *ComEd* Case is still pending before Judge Emily C. Hewitt. However, effective January 2001, pursuant to the merger of Unicom (the former parent company of ComEd) and Exelon Corporation, and the subsequent corporate reorganization incident to that merger, the nuclear generating stations at issue in the *ComEd* Case, the Standard Contract governing the former ComEd nuclear stations, and all rights under the Standard Contract (including but not limited to the right to all damages in connection with the nuclear stations) were assigned to Exelon Generation. Consequently, Exelon Generation has moved to add itself as a named plaintiff in the *ComEd* Case, and is also filing a protective lawsuit for the same claims at issue in the *ComEd* Case (to prevent any suggestion that a statute of limitations could run while its motion remains pending).

Like the *ComEd* Case, this is another action brought by Exelon Generation for damages based on the United States' breach of its duties under Standard Contracts. Exelon Generation is the sole owner and the ultimate parent company of AmerGen, which is the current owner and operator of three nuclear generating stations: TMI-1 (located in Londonderry Township, Pennsylvania), Oyster Creek (located in Lacey Township, New Jersey), and Clinton (located in Harp Township, Illinois).[1] In 1983 and 1984, AmerGen's predecessors in interest in the three nuclear generating stations each executed a Standard Contract with the United States relating to the nuclear stations.

---

[1] AmerGen was originally a joint venture between Exelon Generation and British Energy plc (BE). On or about December 22, 2003, Exelon Generation acquired BE's interests in AmerGen, and AmerGen became a wholly-owned indirect subsidiary of Exelon Generation.

Subsequently, each of the three nuclear stations was acquired by AmerGen, along with the Standard Contracts relating to those stations. AmerGen has assumed rights under those Standard Contracts, including but not limited to the rights to pursue all damages in connection with the nuclear stations.

Consequently, the *ComEd* Case and this case are both so-called "spent nuclear fuel" cases, wherein the Standard Contracts at issue are held either directly by Exelon Generation Company, LLC, or by a wholly-owned indirect subsidiary of Exelon Generation Company, LLC. This case involves a plaintiff that is also the owner of the contract at issue in the *ComEd* Case, and the *ComEd* Case is based on very similar claims for damages (increased costs in a number of categories as a result of the United States' breach of Standard Contracts relating to spent nuclear fuel disposal) as this case. *See* RCFC 40.2(a)(1)(A). Exelon Generation therefore believes that Rule 40.2(a)(2) applies.[2]

---

[2] Exelon Generation also desires to disclose that:

(A) Simultaneously with the filing of this action, Exelon Generation is filing an additional lawsuit that is directly related to the *ComEd* Case under RCFC 40.2(a)(1)(A). Like this action, that additional lawsuit relates to the damages incurred due to the United States' failure to perform its obligations regarding spent nuclear fuel at nuclear generating stations different from those stations at issue in the *ComEd* Case, but that (like the TMI-1, Oyster Creek and Clinton stations) were also subsequently assigned to Exelon Generation or its subsidiaries.

(B) This action may also be deemed directly related to another action (which is later filed than the *ComEd* Case), *GPU Nuclear v. United States*, No. 00-440C (Fed. Cl.), pending before Judge Bush. GPU Nuclear was the former owner of the Oyster Creek and TMI-1 nuclear stations, and commenced the *GPU Nuclear* case before those stations and their related Standard Contracts were assigned to AmerGen. Consequently, at the time the *GPU Nuclear* case was filed, it was not directly related to the *ComEd* Case. AmerGen, which is the proper party plaintiff in the *GPU Nuclear* case, previously sought to voluntarily dismiss the *GPU Nuclear* case in order to initiate its own action. The motion to dismiss was never acted upon, because the *GPU Nuclear* case has been stayed. AmerGen intends to file a notice of related case in *GPU Nuclear* in the very near future.

**Additional Disclosure Regarding The United States' Position**
**That This Action Is Related To Other So-Called "Spent Nuclear Fuel" Cases**

Rule 40.2(a)(1)(B) states that actions involving the "same contract, property or patent" are deemed related. This action, as well as the actions in Attachment A, all arise from breaches of individual contracts which were based on the Standard Contract, 10 C.F.R. § 961.11. However, each of the plaintiffs in these actions executed a separate Standard Contract with Defendant, acting by and through the Department of Energy. Although each Standard Contract, as the name suggests, contains substantially identical material terms and conditions, the parties to each contract are different and each action presents unique factual and legal issues. Accordingly, Exelon Generation does not believe that the actions listed in Attachment A are "directly-related cases" within the meaning of Rule 40.2(a) or that consolidation of the above referenced actions is likely to conserve judicial resources or promote an efficient determination of the actions (under Rule 40.2(b)).

Nonetheless, Exelon Generation makes this disclosure because Exelon Generation desires to make a complete disclosure of any information arguably required by Rule 40.2, and the United States has taken the position in motion practice that the actions listed in Attachment A are related to each other.

Respectfully submitted,

By: ______________________
NORMAN M. HIRSCH
Jenner & Block LLP
One IBM Plaza
330 North Wabash
Chicago, IL 60611
(312) 923-2782 telephone
(312) 923-7782 fax
COUNSEL FOR PLAINTIFFS
EXELON GENERATION COMPANY, LLC,
AMERGEN ENERGY COMPANY, LLC

Of Counsel:

Donald R. Cassling
David Jiménez-Ekman
Christopher Tompkins
Jenner & Block LLP
One IBM Plaza
Chicago, IL 60611
(312) 222-9350

Brad Fagg
Paul Bessette
Morgan, Lewis & Bockius, LLP
1111 Pennsylvania Avenue, N.W.
Washington, D.C. 20004

Thomas S. O'Neill
Exelon Nuclear
Cornerstone II, 5th Floor
4300 Winfield Road
Warrenville, IL 60555
(630) 657-3770

January 28, 2004.

**ATTACHMENT A.**

*Arizona Public Service Company*, No. 03-2832C (Judge Hodges);

*Boston Edison Co. v. United States*, No. 99-447C (Judge Lettow);

*Carolina Power & Light Company, Florida Power Corporation v. United States*, No. 04-0037C (Judge Hewitt);

*Commonwealth Edison Co. v. United States*, No. 98-621C (Judge Hewitt);

*Connecticut Yankee Atomic Power Co. v. United States*, No. 98-154C (Senior Judge Merow);

*Constellation Generation Group, LLC, Calvert Cliffs Nuclear Power Plant, Inc., and Nine Mile Point Nuclear Station, LLC v. United States*, No. 04-0068C (Senior Judge Margolis);

*Consumers Energy Co. v. United States*, No. 02-1894C (Chief Judge Damich);

*Detroit Edison Co. v. United States*, No. 02-926C (Judge Williams);

*Dominion Resources, Inc. and Dominion Nuclear Connecticut, Inc. v. United States*, No. 04-0083C (Judge Bruggink);

*Dominion Resources, Inc. and Virginia Electric and Power Company v. United States*, No. 04-0084C (Judge Bruggink);

*Duke Power v. United States*, No. 98-485C (Judge Sypolt);

*Energy Northwest v. United States*, No. 04-0010C (Chief Judge Damich);

*Entergy Gulf States, Inc. v. United States*, No. 03-2625C (Judge Williams);

*Entergy Nuclear Fitzpatrick, LLC, Entergy Nuclear Indian Point 3, LLC, and Entergy Nuclear Operations, Inc. v. United States*, No. 03-2627C (Chief Judge Damich);

*Entergy Nuclear Generation Company v. United States*, No. 03-2626C (Judge Lettow);

*Entergy Nuclear Indian Point 2, LLC v. United States*, No. 03-2622C (Judge Lettow);

*Entergy Nuclear Vermont Yankee, LLC and Entergy Nuclear Operations, Inc. v. United States*, No. 03-2663C (Judge Hodges);

*Florida Power & Light Co. v. United States*, No. 98-483C (Judge Sypolt);

*FPL Energy Seabrook, LLC v. United States*, No. 04-0088C (Chief Judge Damich);

*General Atomics v. United States*, No. 03-2505C (Judge Wolski);

*Indiana Michigan Power Co. v. United States*, No. 98-486C (Judge Hodges);

*Interstate Power and Light Company v. United States*, No. 04-0067C (Judge Lettow);

*Maine Yankee Atomic Power Co. v. United States*, No. 98-474C (Senior Judge Merow);

*Nebraska Public Power District v. United States*, No. 01-116C (Judge Sypolt);

*Northern States Power Co. v. United States*, No. 98-484C (Judge Wiese);

*Omaha Public Power District v. United States*, No. 01-115C (Judge Bush);

*Pacific Gas & Electric Company v. United States*, No. 04-0074 (Judge ______) (filed January 22, 2004);

*Pacific Gas & Electric Company v. United States*, No. 04-0075 (Judge ______) (filed January 22, 2004);

*PPL Susquehanna, LLC v. United States*, No. 04-0070C (Judge Baskir, Judge Horn);

*PSEG Nuclear LLC v. United States*, No. 01-551C (Judge Sypolt);

*Power Authority of New York v. United States*, No. 00-703C (Judge Damich);

*Sacramento Municipal Utility District v. United States*, No. 98-488C (Judge Braden);

*Southern Nuclear Operating Co. et al. v. United States*, No. 98-614C (Senior Judge Merow);

*System Fuels Inc., on its own behalf and as agent for Entergy Arkansas, Inc. v. United States*, No. 03-2623C (Judge Lettow);

*System Fuels Inc., on its own behalf and as agent for Entergy Louisiana, Inc. v. United States*, No. 03-2621C (Judge Williams);

*System Fuels Inc., on its own behalf and as agent for System Energy Resources, Inc. and South Mississippi Electric Power Association v. United States*, No. 03-2624C (Judge Braden);

*Tennessee Valley Authority v. United States*, No. 01-249C (Judge Lettow);

*The Cleveland Electric Illuminating Company, Pennsylvania Power Company, and The Toledo Edison Company v. United States*, No. 04-0069C (Judge Wolski);

*Vermont Yankee Nuclear Power Corp. v. United States*, No. 02-898C (Judge Hodges);

*Wisconsin Electric Power Co. v. United States*, No. 00-697C (Senior Judge Merow);

*Wisconsin Public Service Corporation v. United States*, No. 04-0071C (Judge Block);

*Yankee Atomic Electric Co. v. United States*, No. 98-126C (Senior Judge Merow).

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 28th day of January, 2004, the foregoing Notice of Related Cases was served by U.S. Mail (First Class, postage pre-paid) to:

Harold D. Lester, Jr.
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
1100 L Street, N.W.
Washington, DC 20530

Alex D. Tomaszczuk
Shaw Pittman
1650 Tysons Boulevard
McLean, VA 22102-4859

Jerry Stouck
Spriggs & Hollingsworth
1350 I Street, N.W.
Ninth Floor
Washington, D.C. 20005-3305

Melvin C. Garbow
Arnold & Porter
555 Twelfth Street, N.W.
Washington, D.C. 20004-1206

M. Stanford Blanton
Balch & Bingham LLP
1710 Sixth Avenue North
Birmingham, AL 35203

Brad Fagg
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, N.W.
Washington, D.C. 20004

Richard W. Oehler
Perkins Coie LLP
1201 Third Avenue
40th Floor
Seattle, WA 98101-3099

David A. Handzo
Jenner & Block
601 Thirteenth Street, N.W.
Suite 1200 South
Washington, D.C. 20005

Peter K. Shea
Office of the General Counsel
Tennessee Valley Authority
400 West Summit Hill Drive
Knoxville, TN 37902-1401

Thomas O. Mason
Williams, Mullen, Clark & Dobbins
8270 Greensboro Drive, Suite 700
McLean, VA 22102

Richard J. Conway
Dickstein Shapiro Morin & Oshinsky LLP
2101 L Street, N.W.
Washington, D.C. 20037-1526