IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| EXELON GENERATION COMPANY, LLC, and AMERGEN ENERGY COMPANY, LLC, | ) | |
| Plaintiffs, | ) | No. 04-104C |
| v. | ) | Judge Hewitt |
| THE UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**PLAINTIFFS' REPORT**
**REGARDING DISCOVERY PLANS AND OBJECTIVES**

Pursuant to the Court's April 12, 2004 order ("Order"), Exelon Generation Company, LLC ("Exelon Generation") and AmerGen Energy Company, LLC ("AmerGen") (collectively "Plaintiffs") hereby submit this report regarding the Government's Motion For A Stay Or, In The Alternative, For Coordinated Discovery ("Stay Motion"), and Plaintiffs' discovery plans and objectives.

Plaintiffs are in a somewhat unique position with respect to the other plaintiffs in the newly-filed spent nuclear fuel ("SNF") cases pending in this Court. Exelon Generation, the sole owner and ultimate parent company of AmerGen, operates eleven nuclear generating stations located in Illinois, Pennsylvania and New Jersey. Exelon Generation is the plaintiff in another consolidated SNF case, *Exelon Generation Company, LLC and Commonwealth Edison Company v. United States*, Nos. 98-621C and 04-103C (hereinafter the "*ComEd* case"), which is scheduled for trial starting in November 2004. The *ComEd* case relates to six nuclear generating stations formerly owned by ComEd in Illinois.[1] Because Exelon Generation is a plaintiff in the *ComEd*

[1] This action relates to three other nuclear generating stations owned by AmerGen, which is itself wholly owned by Exelon Generation – the Oyster Creek Nuclear Generating Station, the Three Mile Island Nuclear Power Station Unit 1 and the Clinton Power Station. Exelon Generation is also a plaintiff in another recently-filed SNF case

case and Plaintiffs recognize that the *ComEd* trial will raise some issues that most likely also will arise in this case, Plaintiffs do not object to a stay of this case pending the resolution of the *ComEd* trial.

Having stated their overall position, Plaintiffs respond as follows to the information sought in the Court's Order.

## I. Nature And Scope Of Anticipated Discovery Related To Government's Standard Motion Regarding the Rate Of Acceptance.

With respect to what the Order refers to as the "Government's standard dispositive motion on the rate of acceptance," Plaintiffs assume that the Court is referring to the "Motion for Partial Summary Judgment Regarding the Rate of Acceptance" that the Government filed in a number of the previously-filed SNF cases, including the *ComEd* case. Plaintiffs respectfully believe that this motion has no merit and notes that all three judges who previously have ruled on that motion have denied it, including Judge Hewitt, who denied it in the *ComEd* case. Plaintiffs therefore respectfully submit that it is not appropriate or efficient to plan anticipated discovery in this matter based upon what is necessary to respond to the Government's motion -- if the Government chooses to file it in this case.

Nevertheless, specifically responding to the Order, assuming that the Court does not stay this matter and the Government files the substantively identical partial summary judgment motion in this case that the Government filed in earlier cases, and assuming that the Government will stipulate to Plaintiffs' use of previous depositions of Department of Energy ("DOE") and former DOE employees and contractors taken in other SNF cases as if they were taken in this, Plaintiffs generally do not anticipate the need for additional depositions to respond to the

---

pending in this Court, *Exelon Generation Company, LLC v. United States*, No. 04-102C, which relates to two other nuclear generating stations operated by Exelon Generation, the Limerick Generating Station and the Peach Bottom Atomic Power Station.

Government's motion. However, to the extent that the Government has produced or will produce additional documents that were not available at the time that the previous depositions were taken in those cases relevant to the motion, Plaintiffs respectfully submit that they should have at least the right to take additional depositions based upon those documents.

## II. Any Circumstances That May Affect The Timing Of Discovery Or Trial.

As stated above, Exelon Generation is also a plaintiff in the *ComEd* case, which is currently scheduled for trial in November 2004. In connection with the *ComEd* case, Exelon Generation has provided certain document discovery relating to the nuclear stations that are the subject of this case. Plaintiffs recognize that the *ComEd* trial will raise some issues that most likely will arise in this case, such as the overall rate of acceptance applicable under the contract with the United States, and that the testimony and evidence elicited on those issues, in addition to the prior discovery in the SNF cases, may be useful to both sides. Therefore, Plaintiffs do not object to a stay of this matter until the completion of the trial in the *ComEd* case, which is scheduled for December 2004.

## III. Whether Discovery Previously Provided In The Old SNF Cases Will Suffice In This Case If The Government Consents To The Full Use Of Discovery In This Case.

Assuming the Government consents to the full use of discovery taken in the other SNF cases in this case, Plaintiffs believe that the amount of offensive discovery they eventually will need in this case will be reduced substantially and, with respect to certain issues, Plaintiffs most likely will not need any additional discovery. For example, plaintiffs in other SNF cases already have deposed a number of persons regarding DOE's initial expectations regarding the overall acceptance rate applicable under the Nuclear Waste Policy Act and the Standard Contract. Plaintiffs do not anticipate needing to redepose those individuals.

Plaintiffs' willingness to "live with" the offensive deposition discovery already taken on certain issues is subject to three exceptions. First, with respect to certain relevant issues in this case, such as the date on which the Government currently expects to perform, the rate at which it expects to perform, or the type of SNF containers the Government plans to use, there have been and continue to be certain ongoing developments in the Government's SNF repository program relevant to those issues. Plaintiffs anticipate that they will need to depose individuals regarding those ongoing efforts. Second, to the extent that the Government identifies, pursuant to RCFC Rule 26(a), individuals with knowledge who previously have not been deposed, or produces documents which were not produced earlier in the SNF cases, Plaintiffs likely will need to take additional depositions of those deponents or regarding those documents. Third, to the extent that documents not available during the prior depositions are produced by the Government, the generation or production of those additional documents may necessitate additional limited depositions.

**IV. Additional Response To The Issues Raised In The Government's Motion To Stay Or Coordinate Discovery.**

Plaintiffs do not have any additional response to the issues raised in the Government's motion to stay filed in the other SNF cases.

Respectfully submitted,

s/ Norman M. Hirsch
NORMAN M. HIRSCH
Jenner & Block LLP
One IBM Plaza
330 N. Wabash
Chicago, IL 60611
(312) 923-2782 telephone
(312) 840-7782 facsimile

COUNSEL FOR PLAINTIFFS

Of Counsel:

Donald R. Cassling
David Jiménez-Ekman
Christopher Tompkins
Jenner & Block LLP
One IBM Plaza
Chicago, IL 60611
(312) 222-9350

Brad Fagg
Paul Bessette
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 739-3000

Thomas S. O'Neill
Exelon Nuclear
Cornerstone II
5th Floor
4300 Winfield Road
Warrenville, IL 60555
(630) 657-3770

Dated: April 23, 2004

**Certificate of Filing**

I hereby certify that on this 23rd day of April 2004, a copy of the foregoing Plaintiffs' Report Regarding Discovery Plans And Objectives, was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Norman M. Hirsch
Norman M. Hirsch

1073092