IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| EXELON GENERATION COMPANY, LLC, and AMERGEN ENERGY COMPANY, LLC, | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 04-104C (Judge Hewitt) |
| UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

For its answer to plaintiff's complaint, defendant admits, denies, and alleges as follows:

1. The allegations contained in the first sentence of paragraph 1 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second and third sentences of paragraph 1 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second and third sentences of paragraph 1. Denies the allegations contained in the fourth sentence of paragraph 1 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegations contained in the fifth and sixth sentences of paragraph 1. Admits the allegations contained in the seventh sentence of paragraph 1 that the Department of Energy ("DOE") has not yet begun the disposal of spent nuclear fuel and high-level radioactive waste (collectively, "SNF") under the standard contract published at 10 C.F.R. § 961.11 and that DOE has stated that it anticipates it will not be able to begin SNF disposal until 2010 (see 60 Fed. Reg. 21793, 21794 (May 3, 1005)); the remaining allegations contained in the seventh sentence of

paragraph 1 are plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

2. The allegations contained in paragraph 2 are conclusions of law to which no response to required; to the extent that they may be deemed allegations of fact, they are denied.

3. Denies the allegations contained in paragraph 3 for lack of knowledge of information sufficient to form a belief as to their truth.

4. Denies the allegations contained in paragraph 4 for lack of knowledge or information sufficient to form a belief as to their truth.

5. Denies the allegations contained in the first sentence of paragraph 5 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second and third sentences of paragraph 5 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 5.

6. Denies the allegations contained in the first sentence of paragraph 6 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second and third sentences of paragraph 6 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 6.

7. Denies the allegations contained in the first sentence of paragraph 7 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second and third sentences of paragraph 7 to the extent supported by the

documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 7.

8. Admits.

9. The allegations contained in paragraph 9 are conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are admitted to the extent supported by the Nuclear Waste Policy Act, 42 U.S.C. §§ 10101-10270; defendant otherwise denies the allegations contained in paragraph 9.

10. Admits the allegations contained in the first sentence of paragraph 10. Denies the allegations contained in the second sentence of paragraph 10 for lack of information or knowledge sufficient to form a belief as to their truth; avers that the phrase "indefinite period" is undefined.

11. The allegations contained in paragraph 11 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

12. The allegations contained in paragraph 12 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

13. Denies the allegations contained in the first sentence of paragraph 13 to the extent that they indicate that the Government, alone and without negotiation with the nuclear industry, developed the Standard Contract published at 10 C.F.R. § 961.11; admits that the Department of Energy and nuclear utility representatives developed the Standard Contract; otherwise denies the

allegations contained in the first sentence of paragraph 13. Admits the allegations contained in the second sentence of paragraph 13 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 13.

14. Admits allegations contained in paragraph 14 to the extent supported by the standard contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 14.

15. Admits allegations contained in the first and second sentences of paragraph 15 to the extent supported by the standard contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first and second sentences of paragraph 15. Denies the allegations contained in the third sentence of paragraph 14.

16. The allegations contained in paragraph 16 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

17. The allegations contained in paragraph 17 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

18. The allegations contained in paragraph 18 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

19. Admits allegations contained in paragraph 19 to the extent supported by the Office of Management and Budget documentation cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 19.

20. The allegations contained in paragraph 20 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

21. Admits the allegations contained in paragraph 21 to the extent supported by the Federal Register notice cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 21.

22. Admits the allegations contained in paragraph 22 to the extent supported by the petition for review cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 22.

23. Admits the allegations contained in paragraph 23 to the extent supported by the court decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 23.

24. Admits the allegations contained in paragraph 24 to the extent supported by the announcement cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 24.

25. Admits the allegations contained in paragraph 25 to the extent supported by the petition cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 25.

26. Admits the allegations contained in paragraph 26 to the extent supported by the preliminary determination cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 26.

27. Admits the allegations contained in paragraph 27 to the extent supported by the court decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 27.

28. Admits the allegations contained in paragraph 28 to the extent supported by the court decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 28.

29. Admits the allegations contained in paragraph 29 to the extent supported by the court decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 29.

30. The allegations contained in paragraph 30 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

31. Admits the allegation contained in paragraph 31 that DOE has not yet begun the disposal of SNF under the standard contract published at 10 C.F.R. § 961.11 and that DOE has stated that it anticipates it will not be able to begin SNF disposal until 2010 (see 60 Fed. Reg. 21793, 21794 (May 3, 1995)); the remaining allegations contained in paragraph 31 are plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

32. Admits the allegations contained in paragraph 32 to the extent supported by the court decisions cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 32.

33. Denies.

34. The allegations contained in paragraph 34 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

35. Defendant's response to paragraphs 1 through 34 of the complaint are incorporated by reference.

36. Admits the allegations contained in the first sentence of paragraph 36 to the extent supported by the decisions issued by the courts of appeals in Indiana Michigan Power Co. v. United States, 88 F.3d 1272 (D.C. Cir. 1996); Northern States Power Co. v. United States Department of Energy, 128 F.3d 754 (D.C. Cir. 1997)); Maine Yankee Atomic Power Co. v. United States, 225 F.3d 1336 (Fed. Cir. 2000); and Northern States Power Co. v. United States, 224 F.3d 1361; otherwise denies the allegations contained in the first sentence of paragraph 36. Admits the allegation contained in the second sentence of paragraph 36 that DOE has stated that it anticipates it will not be able to begin SNF disposal until 2010 (see 60 Fed. Reg. 21793, 21794 (May 3, 1995)); the remaining allegations contained in the second sentence of paragraph 36 are plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

37. The allegations contained in the first sentence of paragraph 37 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are admitted to the extent supported by the standard contract, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 37. The allegations contained in the second sentence of paragraph

37 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

38. The allegations contained in paragraph 38 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

39. The allegations contained in paragraph 39 are conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied; defendant avers that the Department of Energy has not accepted any commercial spent nuclear fuel and/or high-level radioactive waste under the auspices of the Nuclear Waste Policy Act, 42 U.S.C. §§ 10101-10270.

40. Denies.

41. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 40, or to any relief whatsoever.

42. Denies each and every allegation not previously admitted or otherwise qualified.

FIRST AFFIRMATIVE DEFENSE

43. Plaintiff has failed to satisfy a condition precedent to defendant's liability with regard to its Standard Contracts relating to TMI-I and Oyster Creek.

SECOND AFFIRMATIVE DEFENSE

44. Plaintiff"s claim relating to damages arising from alleged breaches of Standard Contracts relating to TMI-1 and Oyster Creek is barred by the affirmative defense of recoupment or setoff.

45. The Court possesses jurisdiction to entertain the merits of the defense of recoupment or setoff pursuant to 28 U.S.C. §§ 1503 and 2508.

46. Pursuant to the standard contract at issue in this case, the contract holder is required to pay a one-time fee for SNF discharged prior to April 7, 1983, and for in-core burned fuel as of 12:00 a.m. on April 7, 1983. See 10 C.F.R. § 961.11, Art. VIII.B.2. Plaintiff's predecessor to the standard contract at issue in this case elected to satisfy its financial obligation pursuant to Option 1 of Article VIII.B.2, through which the contract holder agreed to pay its fee prorated evenly over 40 quarters, the last of which must be made prior to the date scheduled for DOE's first acceptance of that contract holder's SNF as identified in an approved DCS. Id. § 961.11, Art. VIII(B)(2)(a). Neither plaintiff nor its predecessor to the standard contract at issue in this case has ever paid the one-time fee required pursuant to Article VIII of the standard contract.

46. Had DOE begun SNF acceptance pursuant to the standard contract in 1998, the contract holder for the standard contract at issue in this case would have been required to complete its payment of the one-time fee before DOE would have had any obligation to begin to accept any fuel pursuant to that standard contract. To the extent that the plaintiff in this case receives an award of damages based upon DOE's failure to begin SNF acceptance in 1998 and thereafter, the plaintiff should be required to provide DOE with the monies that, before DOE would have been obligated to have accepted the contract holder's SNF, the contract holder would have had to pay to DOE. Accordingly, the Court allow defendant to recoup or set-off the one-time fee owed pursuant to the terms of the standard contract at issue in this case.

THIRD AFFIRMATIVE DEFENSE

47. Plaintiff's claims for damages that pre-date GPU Nuclear, Inc.'s and/or Illinois Power Company's assignments of the Standard Contracts at issue in this case are barred by the doctrine of assignment.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, order that any amount that may be found due plaintiff under the standard contract at issue in this case shall be recouped or setoff by any amount owed to the United States pursuant to Article VIII.B.2 of the standard contract, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/ David M. Cohen
DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 305-7562
Fax: (202) 307-2503

Attorneys for Defendant

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

May 7, 2004

CERTIFICATE OF FILING

I hereby certify that on this 7th day of May 2004, a copy of foregoing "DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Harold D. Lester, Jr.